UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
    YONATAN JOSE CAPOS-LUNA      )     Case No. 09-15696-SSM
                                      )     Chapter 7
        Debtor            )


**MEMORANDUM OPINION AND ORDER**


      Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region Fourt ("U.S. Trustee") to examine the reasonableness of $2,000 in fees paid by the debtor to his attorney, Thomas Sehler, Esquire. A hearing was held on December 15, 2009, at which the U.S. Trustee was present by counsel. Mr. Sehler did not file a response to the motion and did not appear at the hearing. For the reasons stated, the court determines that disgorgement of the fees paid to Mr. Sehler is appropriate.

Background

      Mr. Sehler is a licensed attorney who, on July 17, 2009, filed a petition for relief under chapter 7 of the Bankruptcy Code for Yonatan Jose Capos-Luna ("the debtor"). The schedules listed $31,446 in unsecured debt and reported ownership of a house worth $238,500, subject to a mortgage loan in the amount of $264,556. Exhibit D to the petition represented that within 180 days before the filing of the petition, the debtor had received a briefing from a credit counseling agency but did not have a certificate from the agency describing the services provided to him. The clerk issued a notice of deficiency to the debtor and Mr. Sehler requiring that the certificate be filed on or before August 3, 2009. No such certificate was filed. Mr. Sehler then filed on

1

August 25, 2009, an amended petition for the debtor.  Exhibit D to the amended petition inexplicably made no representation as to whether the debtor had or had not received a briefing; was entitled to a deferment of the requirement based on exigent circumstances; or was exempt from the requirement.  In any event, because no certificate was filed, the debtor's case was dismissed by the clerk on October 6, 2009, based on the failure to cure the deficiency.  The disclosure of compensation filed by Mr. Sehler and the statement of financial affairs both reflect that the debtor paid Mr. Sehler $2,000 to file the bankruptcy petition.

## Discussion

Although counsel for a chapter 7 debtor is not required to seek court approval of his or her fees, such fees are nevertheless subject to court review for excessiveness, either on motion of a party in interest, or on the court's own initiative.  § 329(b), Bankruptcy Code; Fed.R.Bankr.P. 2017(a).  Upon such review, the court may order the return of any payments that "exceed the reasonable value of any . . . services." § 329(b), Bankruptcy Code.  The debtor's attorney has the burden of proving that the legal services provided were of reasonably equivalent value to the fees paid.  *In re Sogunro*, 2008 WL 2165136 *2 (Bankr. D. Md. May 20, 2008).

As the U.S. Trustee correctly points out, it is improper, and a violation of an attorney's professional responsibility, to file a bankruptcy petition on behalf of a debtor who has not received the required prepetition credit counseling or who counsel does not believe in good faith qualifies for a deferment or exemption.[1]  Unless a debtor has received the counseling or qualifies

---

[1] Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23, is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for
(continued...)

for a deferment or exemption, the court generally has no choice except to dismiss the case. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005); *In re Wright*, 412 B.R. 767 (Bankr. E.D. Va. 2008); *In re Mitrano*, 409 B.R. 812 (E.D. Va. 2009). Since Mr. Sehler neither filed a response to the motion nor appeared at the hearing, the court is unable to determine whether he filed the petition knowing that the debtor had not received credit counseling; or whether he honestly believed, based perhaps on what the debtor or his office staff had told him, that the counseling had been received; or whether the petition was simply filed prematurely by error. In the absence of any explanation to the contrary, however, the court can only conclude that Mr. Sehler at the very least failed to conduct an adequate investigation into the truth of the representation on Exhibit D that the debtor had received the counseling. The result was the dismissal of the client's case. Since there is no evidence that the client received *any* benefit from the bankruptcy filing, the court concludes that no portion of the fee is reasonable.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

---

[1](...continued)
available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1), Bankruptcy Code. The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made that request;" and (3) "is satisfactory to the court." *Id.* §109(h)(3)(A)(i)-(iii). The deferment, if granted, is effective for 30 days. *Id.* §109(h)(3)(B). In addition to granting a 30-day deferment based on exigent circumstances, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone. *Id.* § 109(h)(3)(B).

1. The motion of the U.S. Trustee is granted, and Thomas Sehler shall repay the debtor the total amount of fees paid, $2,000.00, within twenty-one (21) days of entry of this order and shall file with the court and serve on the debtor and the United States Trustee a certification confirming the repayment.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314

Thomas Sehler, Esquire
The Thomas Law Firm PLLC
The Mark Building
Suite 506
6231 Leesburg Pike
Falls Church, VA 22044

Yonatan Jose Capos-Luna
12052 Heron Ridge Drive
Fairfax, VA 22030
Debtor

Robert Ogden Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 South Washington Street, Suite 216
Alexandria, VA 22314
Chapter 7 trustee